## Donnelly's Estate

Before Van Dusen, P. J., and Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Charles Hunsicker*, for petitioners.

*George F. Douglas*, for respondents.

STEARNE, J., April 7, 1938.—This is an application under the Revised Price Act of June 7, 1917, P. L. 388, to mortgage real estate for the purpose of paying arrears in taxes and cost of repairs.

Decedent owned two pieces of real estate. One, 6914 Old York Road, was devised to a daughter (petitioner) for life, with power of appointment over one third of the fee in remainder. The other two-thirds fee in remainder was devised to "any child or children" the daughter might leave surviving her. The daughter (now separated from her husband) has one minor child, represented by a

guardian (also a petitioner). There is a contingent devise that in the event the daughter leaves no child or children surviving the two-thirds fee in remainder shall pass to decedent's son absolutely. The other premises, 6916 Old York Road, were devised to decedent's son absolutely.

The son mortgaged his fee in 6916 Old York Road by first and second mortgages. In these mortgages was included his contingent interest in premises 6914 Old York Road.

The citation to show cause why a mortgage should not be created upon premises 6914 is upon a petition by the daughter (life tenant) with power of appointment over one-third fee in remainder, and by the guardian of the minor son of the daughter (contingent owner of two-thirds remainder in fee). It is directed against the decedent's son (contingent remainderman), the husband of the daughter (who lives separate and apart from his wife), and against the two mortgagees (mortgagees of the contingent interest of the decedent's son). There is a legal possibility of other children by the daughter (petitioner), and their possible interest is not represented by a trustee ad litem.

One of the mortgagees has answered the citation and protests against the granting of the prayer of the petition. The other respondents have not answered.

Petitioners assign as the reason for the application that taxes since 1931 are in arrears and that the roof of the property requires repairing. It is averred that the petitioners, the daughter and her minor son, reside in the premises; that the life tenant, because of her recited dire financial situation, is unable to pay the taxes, water rent, and carrying charges, and that the property is liable to be lost through a tax sale.

If the petitioners, the daughter and her minor child, were the only parties in interest in the premises, and if in truth and in fact the mother has been supporting and sheltering her minor child as averred, then this court, in the circumstances of the case, and with the best interests

of the minor child in view, has full authority to grant the prayer of the petition: Schurrs' Estate, 13 Phila. 353. However, vested property rights of others are here involved. Should the child of decedent's daughter die (and assuming the daughter has no other children), the rights of respondent upon the death of the life tenant will become absolute. Such contingency is by no means remote or improbable. In such event, a party with a vested interest in fee, and a stranger in blood and interest, would have no concern with the financial plight of the petitioners. It is hornbook law, requiring no citation of authority, that the gift of a life estate implies that the life tenant shall pay all taxes, charges, and expenses, and keep the real estate in reasonably good order, condition, and repair. Petitioners reside in the property. They, and they alone, must assume this burden which the law casts upon them. As respects the contingent remaindermen, it would be most unjust to permit petitioners to reside in the dwelling without paying the taxes, charges, and repairs, and then require the expenses to be paid by mortgaging the fee.

Beyond this legal barrier, we would not be inclined to grant the relief prayed for. Experience has demonstrated the petitioners' continued inability to pay the taxes, water rent, and carrying charges since 1931. No improvement in their circumstances is apparent. If current expenses have not been met it is hardly conceivable that future carrying charges would be paid, and in addition thereto the interest payments made on the mortgage which they seek to have created. It is obvious that the property would shortly be lost by mortgage foreclosure.

This result is not to be regretted on the grounds of any possible injustice. Should the petitioners really desire to preserve the equity in this real estate, in the interests of all parties concerned, ample statutory relief is afforded to sell the real estate and invest the proceeds.

The prayer of the petition is denied and the petition is dismissed.